UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FARAH N. KHAN, D.D.S. | CIVIL ACTION |
| VERSUS | NO. 14-1650 |
| ORTHOSYNETICS, INC. | SECTION: "C" (2) |

## ORDER AND REASONS

Before this Court is the issue whether this Court should exercise jurisdiction over the complaint for declaratory judgment and Plaintiff's motion to stay arbitration proceedings. Having considered the record, the memoranda of counsel, and the law, this Court has determined that it will decline to exercise jurisdiction and will dismiss Plaintiff's complaint for declaratory judgment for the following reasons.

## I.  BACKGROUND

On December 2, 2013, OrthoSynetics, Inc. ("OrthoSynetics"), as successor in interest to OCA Outsource, Inc. ("OCA Outsource"), instituted a proceeding before the American Arbitration Association ("AAA") against Farah N. Khan, D.D.S. ("Dr. Khan") seeking damages for default on a promissory note after the parties had entered into an outsource agreement for business services.  Rec. Doc. 17-3, at 1.  Dr. Khan objects to the arbitrator's jurisdiction to hear the dispute between the parties and that default of the Promissory Note was not a dispute governed by applicable arbitration provisions pursuant to the agreements between Dr. Khan and

OCA Outsource.[1]  Additionally, Dr. Khan filed a complaint for declaratory judgment with this Court.

### A. District Court Proceedings

On July 17, 2014, Dr. Khan filed a complaint for declaratory judgment in diversity and a motion to stay arbitration proceedings with this Court.  Dr. Khan requested that this Court declare the arbitration proceeding instituted by OrthoSynetics improper, as the arbitration proceedings instituted by OrthoSynetics arise solely out of an alleged breach of Promissory Note claim, which is not subject to any applicable arbitration provisions in the agreements between Dr. Khan and OCA Outsource.

On July 21, 2014, this Court dismissed Dr. Khan's motion to stay arbitration proceedings without prejudice and instructed the parties to file briefings directed to the issue whether this Court should exercise its discretion to entertain this declaratory action.

Both parties submitted briefs.  Dr. Khan seeks to have this Court exercise its jurisdiction over her complaint for declaratory judgment and stay, enjoin, and dismiss the arbitration proceedings.  OrthoSynetics requests this Court decline to exercise jurisdiction and issue a dismissal of Dr. Khan's complaint for declaratory judgment.

### B. AAA Arbitration Proceedings

---

[1] Dr. Khan and OCA Outsource executed three main agreements on the same date and in conjunction: (1) the Outsource Agreement for Business Services, (2) the Outsource Agreement for Office Construction and Development Services, and (3) the Promissory Note.  *See* Rec. Doc. 15-2, at 1, 17, 28.  The Outsource Agreement for Business Services and the Outsource Agreement for Office Construction and Development Services each contained an arbitration clause, while the Promissory Note did not contain its own arbitration clause.  *See id.* at 11, 22, 28-30.

Concurrently with Dr. Khan's declaratory judgment action, the AAA arbitrator accepted briefs and heard oral arguments from both parties on Dr. Khan's objection to the arbitrator's jurisdiction and whether default of the Promissory Note was a dispute governed by the arbitration provisions.

On August 24, 2014, the AAA arbitrator ruled affirmatively that (1) the AAA has jurisdiction to rule on Dr. Khan's jurisdictional objections and (2) default of the Promissory Note is a dispute governed by an applicable arbitration provision contained in the agreements between Dr. Khan and OCA Outsource. Rec. Doc. 17-3.

## II. LAW AND ANALYSIS

Dr. Khan filed her complaint for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. Rec. Doc. 1. The Declaratory Judgment Act provides that the exercise of jurisdiction by a court is discretionary, rather than an absolute right of a litigant. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–288 (1995).

Entertaining a declaratory judgment action is a matter for the district court's sound discretion. *Odeco Oil and Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993). The Fifth Circuit has identified certain nonexclusive factors "to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Sherwin–Williams Co. v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003). Those factors include:

> (1) whether there is a pending state action in which all of the matters in controversy can be fully litigated;
> (2) whether the plaintiff filed in anticipation of a lawsuit by the defendant;
> (3) whether the plaintiff engaged in forum shopping;

>   (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or forum;
>   (5) whether the federal court is a convenient forum for parties and witnesses;
>   (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and
>   (7) whether the federal court is being called on to construe state judicial decree involving the same parties and entered by the court before whom the parallel suit between the same parties is pending.

*Id.* at 388 (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994)). These *Trejo* factors address aspects of the proper allocation of decision making, as emphasized in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942), between state and federal law, fairness, and efficiency. *Sherwin–Williams*, 343 F.3d at 390.

A district court abuses its discretion if it does not "address[] and balance[] the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record . . . ." *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001) (citing *Trejo*, 39 F.3d at 590) (internal quotation marks omitted).

In this case, the *Trejo* factors and consideration of the proper allocation of decision making between state and federal law, fairness, and efficiency favor this Court declining to exercise federal jurisdiction.

*Trejo* factor (1) weighs against the exercise of federal jurisdiction. There is an earlier and currently pending AAA arbitration proceeding between Dr. Khan and OrthoSynetics that will fully litigate the issues Dr. Khan brought to this Court: whether OrthoSynetics' claims pursuant to an alleged breach of Promissory Note against Dr. Khan are subject to an applicable arbitration provision. Further, the AAA arbitration proceeding will fully adjudicate the entire dispute

between OrthoSynetics and Dr. Khan.  Discovery in AAA arbitration proceeding is set to be completed by November 21, 2014 with hearings on the merits set for April 9-10, 2015.

Likewise, *Trejo* factors (3), (4), and (6) also weigh against the exercise of federal jurisdiction.  Exercising federal jurisdiction in this matter would allow Dr. Khan to gain precedence in time and forum at the expense of judicial economy.  The exercise of federal jurisdiction would further delay resolution of OrthoSynetics' claims by halting discovery and the filing of dispositive motions and push back the April 9-10, 2015 hearings in the AAA arbitration proceeding.  Additionally, Dr. Khan filed this declaratory judgment action after her objections to the appointment of the AAA arbitrator were overruled.  Rec. Doc. 14-2, 14-3.  Further, on August 24, 2014, the AAA arbitrator ruled on the same issues that Dr. Khan is asking this Court to consider against Dr. Khan.  Rec. Doc. 17-3.  The exercise of federal jurisdiction thus could result in Dr. Khan getting a more favorable "second bite at the apple" in moving to a different forum.

*Trejo* factor (7) additionally weighs against the exercise of federal jurisdiction.  The exercise of jurisdiction in this case would inherently involve a review of the August 24, 2014 ruling made by the AAA arbitrator.  In the interest of comity, fairness, and efficiency, this Court is hesitant to be seen as "construing" the AAA arbitrator's ruling and open the way to a potentially contradictory finding involving the same parties on the same issues.

*Trejo* factor (5) is neutral in this case.  This Court is just as convenient a forum for the parties and witnesses as the pending AAA arbitration proceeding, which has hearings scheduled April 9-10, 2015 in New Orleans.

Lastly, *Trejo* factor (2) is not applicable in this case. Dr. Khan did not file this declaratory judgment action in anticipation of a lawsuit being filed by OrthoSynetics.

Accordingly, the *Trejo* factors, on balance, weigh in favor of declining federal jurisdiction. Furthermore, this Court is also of the opinion in this case, issues of jurisdiction and arbitrability are properly adjudicated by AAA arbitration, and not the federal courts. This Court agrees with the August 24, 2014 ruling of the AAA arbitrator on this issue. *See* Rec. Doc. 17-3.

As a result, the consideration of the nonexclusive *Trejo* factors, as well as fairness, efficiency, and the AAA arbitrator's August 24, 2014 ruling leads this Court to be of the opinion that the issues before this Court are properly adjudicated by AAA arbitration, and not the federal courts. This Court declines to exercise federal jurisdiction over Dr. Khan's complaint for declaratory judgment.

In declining to exercise federal jurisdiction over plaintiff's complaint for declaratory judgment, plaintiff's motion to stay arbitration proceedings is moot. Thus, this Court declines to rule on Plaintiff's motion to stay the arbitration proceedings.

As this Court is declining to exercise federal jurisdiction over Dr. Khan's complaint for declaratory judgment and is of the opinion that AAA arbitration is the proper forum to resolve issues of arbitrability and jurisdiction in the dispute between Dr. Khan and OrthoSynetics, this Court dismisses Dr. Khan's complaint for declaratory judgment.

### III.  Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's complaint for declaratory judgment is DISMISSED and Plaintiff's motion to stay arbitration proceedings is DISMISSED as moot.

New Orleans, Louisiana this 20th day of October, 2014.

_____
**HELEN G BERRIGAN**
**UNITED STATES DISTRICT JUDGE**